Andrew T. Hahn (AH-6283)
Jay W. Cho (JC-9580)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500





Attorneys for Defendant
Lincoln Benefit Life Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARK KRAFT, Trustee of The Marilyn Mandel
Irrev. Trust DTD 6/12/05,



                              Plaintiff,          :    **DEFENDANT'S RULE 7.1**
                                                  :    **STATEMENT**
                                                  :
             v.                                   :
                                                  :
LINCOLN BENEFIT LIFE COMPANY,                     :
                                                  :
                              Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for defendant

Lincoln Benefit Life Company hereby states that Lincoln Benefit Life Company is a wholly-owned

subsidiary of Allstate Life Insurance Company, which is an Illinois insurance company.  Allstate Life

Insurance Company is a wholly-owned subsidiary of Allstate Insurance Company, which is an

Illinois insurance company.  Allstate Insurance Company is a wholly-owned subsidiary of the

Allstate Corporation, a Delaware Corporation.  The stock of the Allstate Corporation is publicly

traded.  No publicly-held entity owns 10% or more of the stock of the Allstate Corporation.

Dated: New York, New York
     May 4, 2010

SEYFARTH SHAW LLP

By: _____
    Andrew T. Hahn (AH-6283)
    Jay W. Cho (JC-9580)
    620 Eighth Avenue
    New York, New York 10018
    (212) 218-5500

    Attorneys for Defendant Lincoln Benefit Life Company

2

Andrew T. Hahn (AH-6283)
Jay W. Cho (JC-9580)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendant
Lincoln Benefit Life Company



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 04 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARK KRAFT, Trustee of The Marilyn Mandel
Irrev. Trust DTD 6/12/05,

                                     Plaintiff,

                v.

LINCOLN BENEFIT LIFE COMPANY,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



CV10- 2018

**NOTICE OF REMOVAL**

GLEESON, J.  J.

LEVY. M.J.

       Defendant Lincoln Benefit Life Company ("Defendant"), by and through its attorneys,

Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1331 and 1441, files this Notice of Removal

with respect to the case identified as <u>Mark Kraft, Trustee of The Marilyn Mandel Irrev. Trust</u>

<u>DTD 6/12/05 v. Lincoln Benefit Life Company</u>, Index No.: 1563/2010, from the Supreme Court

of the State of New York, County of Queens.  In support of this Notice, Defendant states as

follows:

**Timeliness of Removal**

       1.     Upon information and belief, on or about January 20, 2010, plaintiff Mark Kraft,

Trustee of The Marilyn Mandel Irrev. Trust DTD 6/12/05 ("Plaintiff") filed a Complaint with the

Clerk of the Supreme Court of the State of New York, County of Queens.  (A true and correct copy of the Summons and Complaint is annexed hereto as Exhibit A).

2.      On or about April 5, 2010, Plaintiff served a copy of the Summons and Complaint on Defendant via the New York State Department of Insurance (the "DOI").  (A true and correct copy of the notice of service from the DOI is annexed hereto as Exhibit B).

3.      This Notice of Removal is timely removed pursuant to 28 U.S.C. § 1446(b), having been filed within thirty (30) days after Defendant's initial receipt of the Complaint, which is the "pleading . . . from which it may first be ascertained that the case is one which is . . . removable."

**Basis for Removal**

4.      The ground for removal is diversity of citizenship under 28 U.S.C. § 1332, in that:

    (a)      Plaintiff trustee is a citizen of the State of New York (Complaint ¶1);

    (b)      The subject trust is a New Jersey trust domiciled in New Jersey (Complaint ¶2); and

    (c)      Defendant is a corporation organized and existing under the laws of the State of Nebraska (Complaint ¶3).

5.      Additionally, as alleged in the Complaint, the amount in controversy herein is in excess of $75,000.00, exclusive of interest and costs.  That is because in the Complaint, Plaintiff seeks a declaration: (i) that the subject life insurance policy insuring the life of Marilyn Mandel, with the face amount of $5,000,000 (the "Life Insurance Policy"), is in full force and effect; (ii) requiring Defendant to restore the Life Insurance Policy; and (iii) costs and attorneys' fees (Complaint, Wherefore Clause, at pg. 3), based upon Plaintiff's assertion that "Defendant failed to send the grace period notice in accordance with the terms of the Life Insurance Policy"  (Id. ¶

16).  Plaintiff further alleges that "Defendant improperly took premium payments by automatic charge from plaintiff's account on November 21, 2007 and December 21, 2007." (Id. ¶ 9).

6.       Because there is complete diversity of citizenship, and because the amount in controversy exceeds $75,000.00, this Court has jurisdiction over the case under the provisions of 28 U.S.C. § 1441(b).

7.       Defendant will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Queens, to effect removal of this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that the above-referenced civil action proceed in the United States District Court for the Eastern District of New York as an action properly removed thereto.

Dated: New York, New York
       May 4, 2010

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
    Andrew T. Hahn (AH-6283)
    Jay W. Cho (JC-9580)
    620 Eighth Avenue
    New York, New York 10018
    (212) 218-5500

Attorneys for Defendant Lincoln Benefit Life Company

TO:    Cheryl D. Lipsius, Esq.
       SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP
       14 Penn Plaza, Suite 500
       New York, New York 10122
       (212) 563-1710

       Attorneys for Plaintiff

QUEENS COUNTY CLERK
RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                                    2010 JAN 20   PH 3: 20

---

MARK KRAFT, Trustee of The Marilyn Mandel
Irrev. Trust DTD 6/12/05,

                                        Plaintiff,

        vs.

LINCOLN BENEFIT LIFE COMPANY,

                                        Defendants.

---

Date Filed: January _____, 2010

Index No. 1563 /2010

Plaintiff designates Queens
County as the place of trial

The Basis of Venue is
Plaintiff's Residence

**SUMMONS**

Plaintiff resides at
83-28 Talbot Street
Kew Gardens, NY 11415
County of Queens

4-5-10
ρ∆

**TO THE ABOVE NAMED DEFENDANT:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy
of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on
the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the date of
service (or within thirty (30) days after service is complete if this summons is not personally delivered to
you within the State of New York); and in case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        January 20, 2010

                        SCHINDEL, FARMAN, LIPSIUS,
                        GARDNER & RABINOVICH LLP
                        Attorneys for Plaintiff

                By: _____
                        Ira S. Lipsius, Esq.
                        Cheryl D. Lipsius, Esq.
                        14 Penn Plaza, Suite 500
                        New York, New York 10122
                        212-563-1710
                        File No. 4359.0001

Defendant's address:
Lincoln Benefit Life Company
2940 S. 84th Street
Lincoln, NE  68506

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

MARK KRAFT, Trustee of the Marilyn Mandel
Irrev Trust DTD 6/12/05

               Plaintiff,

      vs.

LINCOLN BENEFIT LIFE COMPANY
               Defendant.

Index No.:

**COMPLAINT FOR
DECLARATORY JUDGMENT**

Plaintiff, Mark Kraft, as Trustee of the Marilyn Mandel Irrev Trust DTD 6/12/05, by his

attorneys, Schindel Farman, Lipsius, Gardner & Rabinovich LLP, for his complaint for

declaratory relief, states:

## ALLEGATIONS

1.     Mark Kraft is a citizen and resident of the State of New York, County of Queens

and is a Trustee of The Marilyn Mandel Irrev Trust DTD 6/12/05 (The "Trust")

2.     The Marilyn Mandel Irrev Trust DTD 6/12/05 is a New Jersey trust domiciled in

New Jersey.

3.     Upon information and belief, Lincoln Benefit Life Company ("Lincoln Benefit")

is incorporated in Nebraska.

4.     On or about November 21, 2005, defendant issued Policy Certificate Number

01N1269625 to The Trust insuring the life of Marilyn Mandel (hereinafter the "Life Insurance

Policy").

5.     The Life Insurance Policy was delivered in the State of New Jersey.

6.     The Trust is the owner of the Life Insurance Policy.

7.     The grace period notice was not timely sent by defendant

8.     Grace period notice was not received until after the Life Insurance Policy was terminated.

9.     Defendant improperly took premium payments by automatic charge from plaintiff's account on November 21, 2007 and December 21, 2007.

10.     Plaintiff made premium payments after the Life Insurance Policy had lapsed.

11.     Defendant did not return premium payments paid by plaintiff.

12.     Plaintiff relied on Lincoln Benefit's written and oral affirmation including an in-force illustration that the Life Insurance Policy was paid and was current and that the Life Insurance Policy was in good standing beyond January 21, 2008, the date the Life Insurance Policy was terminated.

13.     On January 21, 2008 Lincoln Benefit sent a letter to The Trust declaring that "The grace period for premium payment on your policy has expired."

14.     Defendant has asserted that plaintiff did not pay premiums and as a result the Life Insurance Policy was cancelled.

15.     Defendant has refused to rescind the lapse.

## CAUSE OF ACTION

16.     Defendant failed to send Grace Period Notice in accordance with the terms of the Life Insurance Policy.

17.     Defendant failed to send Grace Period Notice in accordance with the law.

18.     Plaintiff paid premiums on the Life Insurance Policy that defendant was obligated to return in accordance with the terms of the Grace Period Notice, the Life Insurance Policy, and under case law and applicable statute.

19.     Defendant did not return the referenced premium paid by plaintiff.

2

20.     Plaintiff relied on defendant's representations that the Life Insurance Policy was current and paid to date.

21.     Defendant has refused to restore the Life Insurance Policy.

22.     Defendant is estopped from cancelling the Life Insurance Policy.

23.     Defendant has waived its right to cancel the Life Insurance Policy.

24.     Under case law or applicable statute, defendant's attempt to cancel the Life Insurance Policy is unlawful.

25.     By reason of the foregoing, plaintiff is entitled to a declaration that the Life Insurance Policy is in full force and effect, and to a declaration requiring defendant to restore the policy.

26.     No claim has been made under the Life Insurance Policy, as the insured person, Marilyn Mandel, is alive.

        **WHEREFORE**, Plaintiff demands judgment of this Court against defendant, declaring the policy is in full force and effect, the policy must be restored and awarding plaintiff's costs of suit, attorneys' fees, and such other relief as the Court may deem proper and just.

Dated: New York, New York
       January 20, 2010

                            SCHINDEL, FARMAN, LIPSIUS,
                            GARDNER & RABINOVICH LLP
                            Attorney for Plaintiffs


                    By: _____
                            Ira S. Lipsius
                            Cheryl D. Lipsius
                            14 Penn Plaza, Suite 500
                            New York, New York 10122
                            212-563-1710
                            File No.:4194.0001

3

STATE OF NEW YORK, COUNTY OF           ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

Check Applicable Box

☐ Certification By Attorney    certify that the within

has been compared by me with the original and found to be a true and complete copy.

☐ Attorney's Affirmation    state that I am

the attorney(s) of record for                            in the within

action; I have read the foregoing                  and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matter not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:                                                    *The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF           ss:

I,                                    being duly sworn, depose and say: I am

Check Applicable Box

☐ Individual Verification    in the within action; I have read the foregoing

and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification    the                  of

a                    corporation and a party in the within action; I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on                    20                                      *The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF           ss.:      (If more than one box is checked – indicate after names type of service used.)

I,                                    being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                      20      I served the within

Check Applicable Box

☐ Service By Mail    by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

☐ Personal Service on Individual    by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein*:

☐ Service By Electronic Means    by transmitting the papers by electronic means to the telephone number listed below, with number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the attorney at the address set forth after the name:

☐ Overnight Delivery Service    by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of

for overnight delivery, prior to the latest time designated by that service for overnight delivery.

Sworn to before me on                    20                                      *The name signed must be printed beneath*

Index No.   1563/10                Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

MARK KRAFT, Trustee of the Marilyn Mandel Irrev Trust DTD 6/12/05

        Plaintiff,

   -against-

LINCOLN BENEFIT LIFE COMPANY,

        Defendant.

## SUMMONS AND COMPLAINT

SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP

*Attorneys for*  **Plaintiff**

*Office and Post Office Address, Telephone*
14 PENN PLAZA, SUITE 500
NEW YORK, NEW YORK 10122
(212) 563-1710

To

Attorney(s) for

Service of a copy of the within                                is hereby admitted.

Dated,

_____

                         Attorney(s) for

Sir:—Please take notice
☐ **NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                     20
☐ **NOTICE OF SETTLEMENT**
that an order                          of which the within is a true copy will be presented for
settlement to the HON.                                           one of the judges
of the within named court, at
on                     20      at                M.

Dated,                                    Yours, etc.

           SCHINDEL, FARMAN, LIPSIUS,
           GARDNER & RABINOVICH LLP

           *Attorneys for*

To

           *Office and Post Office Address, Telephone*
           14 PENN PLAZA, SUITE 500

Attorney(s) for                   NEW YORK, NEW YORK 10122



SUB APR 12 '10 AM 9:58

**INSURANCE DEPARTMENT
STATE OF NEW YORK
One Commerce Plaza
Albany, NY 12257**

STATE OF NEW YORK

Supreme Court, County of QUEENS

1563/2010

Mark Kraft, Trustee of The Marilyn Mandel Irrev . Trust DTD 6/12/05                          Plaintiff(s)

against

Defendant(s)

Lincoln Benefit Life Insurance

RE :Lincoln Benefit Life Insurance

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows :

Attorney for  Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint in the above entitled action on April  05, 2010 at New York, New York. The $ 40.00 fee is also acknowledged .

Pursuant to Section 1213 of the Insurance Law, said process is being forwarded to  at its last known principal place of business . is not authorized to do business in this State and you are advised that, while such service is accepted and being forwarded to the company, it is your duty to determine whether this is a proper service under Section  1213 of the Insurance Law .

Original to Attorney for Plaintiff(s):

   Schindel, Farman, Lipsius, Gardner & Rabinovich LLP
   14 Penn Plaza
   Suite 500
   New York, New York 10122

Pursuant to the requirement of section  1213 of the Insurance Law, Defendant (s) is hereby notified of service as effected above . A copy of the paper is enclosed .

Duplicate to Defendant :

   Lincoln Benefit Life Insurance
   2940 South 84th Street
   Lincoln, Nebraska 68506

*Clark J. Williams*

**Clark J. Williams
Special Deputy Superintendent**

Dated Albany, New York, April 07, 2010
 469375