Andrew T. Hahn, Sr. (AH-6283)
Jay W. Cho (JC-9580)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendant
Lincoln Benefit Life Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| MARK KRAFT, Trustee of The Marilyn Mandel Irrev. Trust DTD 6/12/05, | : | 10-Civ-2018 (JG) (RML) |
|  | : |  |
| Plaintiff, | : | **DEFENDANT'S ANSWER AND** |
|  | : | **AFFIRMATIVE DEFENSES** |
| v. | : |  |
|  | : |  |
| LINCOLN BENEFIT LIFE COMPANY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Lincoln Benefit Life Company ("Lincoln"), by and through its attorneys,

Seyfarth Shaw LLP, as and for its Answer and Affirmative Defenses to the Complaint of plaintiff

Mark Kraft, Trustee of The Marilyn Mandel Irrev. Trust DTD 6/12/05 ("Plaintiff"), alleges and

states as follows:

## AS TO "ALLEGATIONS"

1.      Lincoln lacks sufficient information and belief to admit or deny the allegations in

paragraph 1 of the Complaint.

2.      Lincoln lacks sufficient information and belief to admit or deny the allegations in

paragraph 2 of the Complaint.

3.    Lincoln admits the allegations contained in paragraph 3 of the Complaint.

4.    Lincoln admits that it issued a life insurance policy bearing policy number 01N1269625, insuring the life of Marilyn Mandel, and which policy contained the terms and conditions stated therein.   Save and except as herein admitted, Lincoln lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 4 of the Complaint.

5.    Lincoln admits the allegations in paragraph 5 of the Complaint.

6.    Lincoln admits the allegations contained in paragraph 6 of the Complaint.

7.    Lincoln denies the allegations contained in paragraph 7 of the Complaint.

8.    Lincoln denies the allegations contained in paragraph 8 of the Complaint.

9.    The allegations contained in paragraph 9 of the Complaint constitute legal conclusions for which no responsive pleading is required.   To the extent a response is required, Lincoln denies the allegations contained in paragraph 9 of the Complaint.

10.    The allegations contained in paragraph 10 of the Complaint constitute legal conclusions for which no responsive pleading is required.   To the extent a response is required, Lincoln denies the allegations contained in paragraph 10 of the Complaint.

11.    The allegations contained in paragraph 11 of the Complaint constitute legal conclusions for which no responsive pleading is required.   To the extent a response is required, Lincoln denies the allegations contained in paragraph 11 of the Complaint.

12.    Lincoln denies the allegations in paragraph 12 of the Complaint.

13.    Lincoln admits the allegations contained in paragraph 13 of the Complaint.

14.    Lincoln admits the allegations contained in paragraph 14 of the Complaint.

15.    Lincoln admits the allegations contained in paragraph 15 of the Complaint.

## AS TO "CAUSE OF ACTION"

16.     Lincoln denies the allegations contained in paragraph 16 of the Complaint.

17.     Lincoln denies the allegations contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint constitute legal conclusions for which no responsive pleading is required.  To the extent a response is required, Lincoln denies the allegations contained in paragraph 18 of the Complaint.

19.     The allegations contained in paragraph 19 of the Complaint constitute legal conclusions for which no responsive pleading is required.  To the extent a response is required, Lincoln denies the allegations contained in paragraph 19 of the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint constitute legal conclusions for which no responsive pleading is required.  To the extent a response is required, Lincoln denies the allegations contained in paragraph 20 of the Complaint.

21.     Lincoln admits the allegations contained in paragraph 21 of the Complaint.

22.     The allegations contained in paragraph 22 of the Complaint constitute legal conclusions for which no responsive pleading is required.  To the extent a response is required, Lincoln denies the allegations contained in paragraph 22 of the Complaint.

23.     The allegations contained in paragraph 23 of the Complaint constitute legal conclusions for which no responsive pleading is required.  To the extent a response is required, Lincoln denies the allegations contained in paragraph 23 of the Complaint.

24.     The allegations contained in paragraph 24 of the Complaint constitute legal conclusions for which no responsive pleading is required.  To the extent a response is required, Lincoln denies the allegations contained in paragraph 24 of the Complaint.

25.     The allegations contained in paragraph 25 of the Complaint constitute legal conclusions for which no responsive pleading is required.  To the extent a response is required, Lincoln denies the allegations contained in paragraph 25 of the Complaint.

26.     Lincoln lacks sufficient information and belief to admit or deny the allegations in paragraph 26 of the Complaint.

27.     Lincoln denies the allegations contained in the **WHEREFORE** paragraph of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Lincoln breached no duty, contractual or otherwise, to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by documentary evidence.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff committed a prior material breach of the parties' agreement by failing to make the premium payments necessary to maintain the Policy at issue.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches, by waiver, by the applicable statute of limitations, or by estoppel.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages, such damages are not attributable to any

alleged breach or wrongdoing by Lincoln.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by lack of any damages and/or its failure to make reasonable efforts to mitigate damages, if any.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages are totally speculative and not recoverable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for interest and attorneys' fees is barred because such damages are not recoverable or warranted in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Any damages alleged by the Plaintiff was caused by the conduct of a third party for whom defendant Lincoln had no responsibility and over whom it had no control.

### TWELFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Lincoln complied with all applicable laws, regulations and standards.

**WHEREFORE**, Lincoln prays that an order and judgment be entered in its favor and against Plaintiff:

1.  dismissing the Complaint with prejudice in its entirety;

2.  deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3.  awarding Lincoln its costs and disbursements, including reasonable attorneys'

fees, incurred in this action; and

4.     granting to Lincoln such other and further relief as the Court may deem just and

proper.

Dated: New York, New York
       May 11, 2010

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

Andrew T. Hahn, Sr. (AH-6283)
Jay W. Cho (JC-9580)
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant Lincoln Benefit Life
Company

6