SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP
ATTORNEYS AT LAW
14 PENN PLAZA
SUITE 500
NEW YORK, N.Y. 10122

(212) 563-1710
FACSIMILE (212) 695-6602
WEBSITE: www.sfl-legal.com

Writer's Extension: 226
Email: clipsius@sfl-legal.com

NEW JERSEY OFFICE
4 CORNWALL DRIVE, SUITE 101
EAST BRUNSWICK, N.J. 08816
(732) 390-0166
FACSIMILE (732) 432-7706

November 12, 2010

**VIA FACSIMILE (718-613-2345)**

Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: **Mark Kraft, Trustee, v. Lincoln Benefit Life Company**
> **Docket No. 10-2018**
> **Our File No. 4359.2301**

Dear Judge Levy,

We write in connection with the Confidentiality Order to be entered in this case.

Although counsel for both parties have attempted to stipulate to the terms of a confidentiality order we remain at loggerheads. Accordingly, and pursuant to Your Honor's direction, both parties will be submitting their own versions for consideration by Your Honor. Plaintiff's proposed order is submitted herewith.

Our principal concern at this hour is in connection with the two-tiered designation provision sought by counsel for Defendants. Your Honor has directed that actuarial records and premium calculations be denoted as Highly Confidential and this is reflected in the enclosed draft.

Our draft would allow either party to apply to the Court to allow for additional designations in this category but no party could make a unilateral designation. Our feeling is that it is unusual to have dual categories of protected information and while we understand the rationale for a special category of material we believe this should be a very limited as a designation. Otherwise this may act to constrain the manner in which it is possible to utilize

SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP

Honorable Robert M. Levy
November 12, 2010
Page 2

discovery materials for case development and litigation purposes. This also reflects our understanding the intention behind Your Honor's Order of September 20, 2010.

    Thank you for your consideration.

    Very truly yours,

    SCHINDEL, FARMAN, LIPSIUS,
    GARDNER & RABINOVICH LLP

    *Cheryl D. Lipsius* /bl
    Cheryl D. Lipsius

CDL:bl
Enclosure

cc:    Andrew T. Hahn, Sr., Esq.
       Seyfarth Shaw LLP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| MARK KRAFT, Trustee of The Marilyn Mandel (RML) Irrev. Trust DTD 6/12/05, | 10-Civ-2018 (JG) |
| Plaintiff, | Hon. John Gleeson, U.S.D.J. |
| v. | Hon. Robert M. Levy, U.S.M.J. |
| LINCOLN BENEFIT LIFE COMPANY, | |
| Defendant. | |

------------------------------------------------------------ x

## **CONFIDENTIALITY ORDER**

WHEREAS, the parties to this action, Mark Kraft, Trustee of The Marilyn Mandel Irrev. Trust DTD 6/12/05 ("Kraft" or "Plaintiff") and defendant Lincoln Benefit Life Company ("Lincoln Benefit" and with Plaintiff, collectively, the "parties") are engaged in discovery; and

WHEREAS, in the course of such discovery or settlement discussions the parties hereto may seek to obtain discovery of information that the party or nonparty from whom discovery is sought considers to be confidential; and

WHEREAS, in order to safeguard any confidential information, such as trade secrets, competitively sensitive information, material non-public information, proprietary information, financial information, personal information, customer information, employee information, agent information, or any other type of information for which a protective order properly may be sought under Rule 26(c) of the Federal Rules of Civil Procedure and this Court's Local Civil Rules, and to ensure that such information is not disclosed, except pursuant to the terms of this Stipulated Confidentiality Order ("Agreement");

1

NOW, THEREFORE, IT IS AGREED THAT:

1. As hereinafter used, the term "Confidential Information" means any business, financial or other non-public or personal information, which is owned or controlled by a party or a nonparty and believed by that party or nonparty to contain customer information, employee information, agent information, confidential research, development, financial or commercially sensitive information, including, without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things, and responses to discovery requests. Confidential Information may also include information that, if disclosed, would infringe on the privacy rights of some individual or individuals. All notes, copies, extracts and summaries of documents containing, relating or referring to Confidential Information shall also be considered Confidential Information that is subject to this Agreement. Such information shall also include information designated by a party as confidential in writing, or orally, if recorded as part of a discovery or testimony deposition or record before the Court, and includes all such designated information whether revealed by a party during a deposition, in a document, in an interrogatory answer, in response to a request to admit, by production of tangible evidence, or otherwise. The parties are to make any such designation in good faith.

2. For the purpose of this case, such "Highly Confidential Information" is limited to actuarial records and premium calculations. This limitation does not preclude either party from requesting that the Court deem additional information as Highly Confidential Information. Such additional information shall be deemed Highly Confidential Information from the date of a Court Order approving such designation. All notes, copies, extracts and summaries of

documents containing, relating or referring to Highly Confidential Information may also qualify for consideration as Highly Confidential Information, upon application to the Court. The producing party shall label, as appropriate, or mark documents and things "HIGHLY CONFIDENTIAL - ATTORNEYS'/EXPERTS' EYES ONLY" on the face thereof.

3. The provisions of this Agreement also apply to designated portions of transcripts, exhibits, answers to interrogatories, copies thereof, other documents and things, and all information otherwise obtained from a party pursuant to discovery or trial in this action and designated as containing or comprising Confidential Information or Highly Confidential Information.

4. i) All Confidential Information shall only be utilized in connection with the Action, and may only be disclosed to the following: a) The Court, the Court's staff and/or stenographers employed in the course of the litigation and the jury directly involved in this Action; b) The parties to this litigation, and those members of their respective staffs, support vendors as well as the parties' consultants and advisors who assist in this litigation; c) Law firms of record for the parties to this litigation; d) Witnesses at any hearing in the litigation for purposes of their testimony and for the purpose of depositions; e) Any outside experts or outside advisors retained by the law firms of record for the parties to this litigation; and f) persons to whom such is required as a consequence of the process of any court.

ii) All Highly Confidential Information shall be for attorneys' and experts' eyes only.

5. Any party seeking to file any document of any nature (including, but not limited to, briefs, affidavits, motions, declarations, discovery responses and items of tangible

3

evidence, such as computer disks) with the Court for any purpose that contain Confidential Information or Highly Confidential Information shall be filed in accordance with Administrative Order 2004-09 of the U.S. District Court for the Eastern District of New York, and in sealed envelopes or other sealed containers marked with the title of this proceeding and identifying each documents and thing therein and bearing a statement that the envelope contains material covered by the parties' confidentiality Agreement.

6. Either party may request the Court to place information deemed by them, Confidential or Highly Confidential, under seal. In such event the material shall be filed in accordance with Administrative Order 2004-09 of the U.S. District Court for the Eastern District of New York, and in sealed envelopes or other sealed containers marked with the title of this proceeding and identifying each documents and thing therein and bearing a statement that the envelope contains material under seal by order of the court.

7. All persons having access, under the terms of this Agreement, to information, documents, and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'/EXPERTS' EYES ONLY" shall be instructed to handle such material in a manner consistent with the terms of this agreement.

8. The original and all copies of any deposition transcript shall, at the request of any attorney for a party, initially be fully subject to the relevant provisions of this Confidentiality Agreement. The attorney for a party thereafter shall have thirty (30) days after receipt of the transcript to designate those portions of the testimony that are deemed by the attorney to include Confidential Information or Highly Confidential Information. The reporter shall promptly conform the original copy and counsel shall conform their copies in accordance with counsel's

4

designation. The portions so designated shall be separated and treated as provided in Paragraph 4 of this Confidentiality Agreement and shall be fully subject to the relevant provisions of this Confidentiality Agreement. After the expiration of such thirty (30) days, all portions not so designated shall be free from the provisions of this Confidentiality Agreement.

9.  The inadvertent or unintentional production of documents containing Confidential Information or Highly Confidential Information without such designation shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege either as to the specific information disclosed therein or as to the same or related subject matter, provided that the party asserting the claim of confidentiality or privilege informs the opposing party of its claim within a reasonable time after learning that confidential or privileged documents had been inadvertently or unintentionally produced. The opposing party shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such confidential information, or information contained therein, is made.

10. The parties shall be free to vary the provisions of this Agreement and shall consider, in good faith, consider a request by one of the parties for the re-designation as Confidential or Highly Confidential. A party may request permission to disclose materials designated Confidential or Highly Confidential. The parties shall meet and confer to resolve and disagreement in this regard. In the event a resolution is not reached, the requesting party shall seek the Court's intervention before disclosing the material in question.

11. This Confidentiality Agreement shall be without prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance, privilege, or any other ground other than confidentiality. The right to object includes the right to assert an objection on the

5

basis that the request calls for the disclosure of Confidential Information or Highly Confidential Information that a party does not believe can be adequately protected by this Confidentiality Agreement. In response to such objection, the party seeking disclosure of Confidential Information or Highly Confidential Information shall not be precluded from asserting that the terms of the Confidentiality Agreement are impeding the party's ability to obtain the discovery necessary to prepare their case.

12. On final determination of this litigation, including all appeals and subject to any mandatory retention periods and firm retention practices, each party or other person subject to the terms hereof shall, at the request of the producing party, destroy all materials and documents constituting Confidential Information or Highly Confidential Information, all copies, summaries and abstracts thereof, and all other materials, memoranda or documents embodying data concerning said materials and documents constituting Confidential Information or Highly Confidential Information, and certify such destruction by letter to the producing party.. The Court will have continuing jurisdiction to enforce this Confidentiality Agreement through this litigation and following its conclusion. The parties agree that any such enforcement proceedings will, subject to the schedule and approval of the Court.

Confidentiality Agreement.

| | |
|---|---|
| SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP | SEYFARTH SHAW LLP |

By: _____
      Cheryl D. Lipsius (CL-

By: _____
      Andrew T. Hahn, Sr. (AH-6283)
      Jay W. Cho (JC-9580)

14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710

620 Eighth Avenue
New York, New York 10018-1405 (212) 218-5500

Attorneys for Plaintiff
Mark Kraft, Trustee of The Marilyn Mandel Irrev. Trust DTD 6/12/05

Attorneys for Defendant
Lincoln Benefit Insurance Company
Dated: November _____, 2010

Dated: November _____, 2010

SO ORDERED:

_____
November _____, 2010

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

MARK KRAFT, Trustee of The Marilyn Mandel           10-Civ-2018 (JG)
(RML) Irrev. Trust DTD 6/12/05,

                                Plaintiff,           Hon. John Gleeson, U. S.D.J.

          v.                                  Hon. Richard M. Levy, U.S.M.J.

LINCOLN BENEFIT LIFE COMPANY,

                              Defendant.

------------------------------------------------------- x

### EXHIBIT A TO NON-DISCLOSURE AGREEMENT

    I, _____, residing at _____, and having a place of business at _____, have read the Confidentiality Agreement entered on _____, 2010, governing the production of Confidential Information and Highly Confidential Information. I understand the same, and I agree to be bound by its terms. I agree not to use or permit the use of any Confidential Information or Highly Confidential Information for any purposes other than in connection with this Litigation, and I agree not to use or permit the use of any such Confidential Information or Highly Confidential Information for any business or competitive purpose whatsoever. I further agree not to disclose any Confidential Information or Highly Confidential Information obtained pursuant to this Confidentiality Agreement to any person who is not also bound by the terms of the Confidentiality Agreement except as I may be required as a consequence of the process of any court.

    I understand and agree that the parties producing Confidential Information or Highly Confidential Information shall be entitled to specific performance and injunctive or other

2

equitable relief as a remedy for any breach of this Undertaking, which shall be in addition to all other remedies available at law. I further agree to waive any requirement for the securing or posting of any bond in connection with such remedy. I also agree that any such action for breach may be brought in this Court and that I may be effectively served by certified or registered mail, return receipt requested.

Signature: _____

Print name: _____

Address: _____

_____

Date: _____