# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5554

Writer's e-mail
ahahn@seyfarth.com

December 17, 2010

**VIA ECF AND REGULAR MAIL**

The Honorable Robert M. Levy, U.S.M.J.
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Mark Kraft, Trustee of The Marilyn Mandel Irrev. Trust DTD 6/12/05 v. Lincoln Benefit Life Company*: Docket No. 10 CV 2018 (JG) (RML) (E.D.N.Y.)

Dear Judge Levy:

    This firm represents Defendant Lincoln Benefit Life Company ("Lincoln Benefit") in the above-referenced action. Pursuant to Local Civil Rule 37.3 and Your Honor's Individual Motion Practices, we write to respectfully request a pre-motion conference concerning certain discovery issues set forth below. In accordance with the foregoing rules, counsel for Lincoln Benefit has satisfied the obligation "to meet and confer" in good faith prior to seeking judicial resolution.

    In brief, Plaintiff and certain non-parties have given Lincoln Benefit the proverbial "Heisman stiff-arm" by failing to produce responsive documents, hindering Lincoln Benefit's ability to comply with Your Honor's directive to commence depositions in January. Accordingly, Plaintiff and the non-parties must be required to expeditiously produce all responsive documents. In addition, Lincoln Benefit seeks Your Honor's assistance pertaining to the deposition of a non-party who, according to her counsel, is suffering from late stage cancer.

### Background

    Plaintiff Mark Kraft purports to be the "Trustee of The Marilyn Mandel Irrev Trust DTD 6/12/05 (the "Trust")." Lincoln Benefit issues life insurance policies in the State of New Jersey, where the Trust is allegedly domiciled. According to the Complaint, in or about November 2005, the Trust purchased a $5 million life insurance policy (the "Policy") insuring the life of Marilyn Mandel ("Mandel"), who was approximately 75 years old at that time, and at all times resided in Brooklyn, New York. Plaintiff alleges that he did not receive a "grace period notice," which was sent by Lincoln Benefit in or about November 2007, because insufficient premiums were paid. As a result of Plaintiff's failure to pay sufficient premiums, the Policy lapsed. Plaintiff seeks a declaration that the Policy is in full force and effect.



The Honorable Robert M. Levy, U.S.M.J.
December 17, 2010
Page 2

The Complaint is dated January 20, 2010, but was not served until April 5, 2010. Although no documents have been produced by Plaintiff and certain non-parties, based upon its preliminary investigation, Lincoln Benefit has a strong suspicion that the instant case may involve an improper Stranger Originated Life Insurance (STOLI) scheme. *See Lincoln National Life Ins. Co. v. Schwarz*, Civ. Action No. 09-03361 (FLW), 2010 WL 3283550, at *8 (D.N.J. Aug. 18, 2010) (holding that a lack of insurable interest by an insured at the inception of the life insurance policy causes the policy to be void *ab initio* and that the New Jersey Supreme Court "would likely hold that the STOLI arrangement, as alleged by Lincoln, would be akin to a wagering contract…."). As discussed in detail below, Plaintiff has failed to produce any responsive document including, but not limited to, documents relating to the purported Trust, the charitable plan and communications with Mandel concerning the Policy, the Trust and the charitable plan. Moreover, Mandel's counsel has represented to me that Mandel has no recollection or documents related to the Policy -- adding credence to Lincoln Benefit's belief that Mandel's life was insured by strangers who have no insurable interest.

### Motion to Compel Plaintiff to Produce Documents

On July 14, 2010, Lincoln Benefit served its request for documents and interrogatories (the "Discovery Requests") upon Plaintiff. On August 12, 2010, Plaintiff's counsel, Cheryl Lipsius ("Lipsius"), sought additional time to respond to the Discovery Requests until August 25, 2010. Lincoln Benefit consented. On August 24, 2010, Lipsius sought further time to respond to the Discovery Requests until "the end of the next week." Lincoln Benefit further consented. On September 3, 2010, Lipsius advised my associate that Plaintiff's discovery responses would be ready the following week.[1] Not surprisingly, Plaintiff did not comply.

Indeed, it was not until December 9, 2010 that Plaintiff finally produced documents in response to the Discovery Requests. However, Plaintiff's production is woefully inadequate, which numbers a meager 71 pages of documents, consisting primarily of documents that Lincoln had previously produced to Plaintiff. Glaringly absent from Plaintiff's purported production are documents relating to the Trust, the charitable plan, and communications with the Mandel family, as well as the agent who procured the Policy. Although theses documents are vital to establishing Lincoln Benefit's defense in this action, Lipsius has informed me that her client has no further documents in his possession relating to the very Trust at issue, which assertion Lincoln Benefit finds astonishing.

In addition to Plaintiff's patent deficiencies in his document production, Plaintiff has yet to serve his written responses to the Discovery Requests, although they were initially due approximately four months ago. Accordingly, Lincoln now seeks permission to file a motion to compel and/or for sanctions pursuant to Fed. R. Civ. P. 37 based upon Plaintiff's willful disregard of his discovery obligations.

### Motion to Compel Non-Party Muskat to Comply With Subpoena

On August 3, 2010, Lincoln Benefit served a subpoena upon non-party Chaim Muskat ("Muskat"), who was the agent involved in obtaining the Policy for the Trust, as well as changing the illustrations setting the amount of annual premiums due to maintain the Policy in force and effect.

---

[1] Copies of the relevant emails between this office and Plaintiff's counsel are attached collectively as **Exhibit A** hereto in chronological order.





The Honorable Robert M. Levy, U.S.M.J.
December 17, 2010
Page 3

Further details of Muskat's involvement is set forth in Lincoln Benefit's Motion for Leave to File and Serve a Third Party Complaint against Muskat, which was filed on December 3, 2010. Judge Gleeson issued an order on December 8, 2010, granting Plaintiff's request to respond to that motion. Plaintiff's response is due on or before December 20, 2010.

Since the issuance of the subpoena, I consented to numerous requests for extensions (September 2, November 9, November 22) by Muskat's counsel, Baruch S. Gottesman ("Gottesman"). On December 1 and 2, 2010, Gottesman and I exchanged e-mails with regard to compliance with the subpoena. Copies of those e-mails are attached as **Exhibit B** hereto. In his December 1 email, Gottesman raised for the first time the issue of a confidentiality stipulation. On December 2, I forwarded the confidentiality order which Your Honor has already entered in this action. Gottesman replied, "That should be fine. I will touch base with my client to confirm and hope to move forward expeditiously." Since then, no documents have been produced. In an email, dated December 10, 2010, Gottesman stated that his "client is considering whether it would be more efficient for all involved if discovery is consolidated and produced after the potential filing of the third-party complaint." In this email, Gottesman suggested a conference call on the following Monday to discuss the matter further. In response, I informed Gottesman that Muskat is obligated to produce documents in any event, but agreed to discuss the matter on Monday (December 13), if Gottesman so desired. *See* Ex. B. Gottesman has not contacted me since then.

### Motion to Compel Non-Party Mandel to Comply With Subpoena

On August 3, 2010, Lincoln Benefit served a subpoena upon non-party Mandel, whose life the Trust insured. Since the issuance of the subpoena, Lincoln Benefit's counsel consented to numerous requests for extensions (September 2, October 15, November 9) by Mandel's counsel, Joseph Zelmanovitz ("Zelmanovitz"). During this time frame, Zelmanovitz advised me that Mandel may be physically and psychologically unable to withstand a deposition because she has late-stage cancer. On October 4, 2010, in response to my request, Zelmanovitz forwarded a note from Mandel's oncologist indicating that she is not healthy enough to withstand a deposition, and that any information communicated by her would not be based upon clear mental capacity. Accordingly, Zelmanovitz and I discussed other alternatives of obtaining information, as well as verifying her signatures on certain documents, without having to conduct a formal deposition. From the written responses to the document requests incorporated into the subpoena, it appears that Mandel does not have many documents relating to this action. Lincoln Benefit, therefore, seeks Your Honor's guidance with regard to preserving Mandel's testimony, if possible. While Lincoln Benefit is genuinely sympathetic to Mandel's health problems, it must take reasonable steps to defend itself in this lawsuit, and Mandel's testimony is critical to Lincoln Benefit's defense.

Thank you for Your Honor's consideration of these issues.

Respectfully submitted,

SEYFARTH SHAW LLP

Andrew T. Hahn, Sr.



The Honorable Robert M. Levy, U.S.M.J.
December 17, 2010
Page 4

cc:    Cheryl Lipsius, Esq. (via ecf and regular mail)
      Attorney for Plaintiff

      Baruch S. Gottesman, Esq. (via e-mail and regular mail)
      185-12 Union Turnpike
      Fresh Meadows, NY 11366
      baruchesq@yahoo.com
        Attorney for Chaim Muskat

      Joseph Zelmanovitz, Esq. (via e-mail and regular mail)
      747 Third Avenue, Suite 33B
      New York, New York  10017
      joezelmanovitz@aol.com
        Attorney for Marilyn Mandel

      The Honorable John Gleeson, U.S.D.J. (via ecf and regular mail)