Andrew T. Hahn, Sr. (AH-6283)
Jay W. Cho (JC-9580)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendant
Lincoln Benefit Life Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
MARK KRAFT, Trustee of The Marilyn Mandel : 10-Civ-2018 (JG) (RML)
Irrev. Trust DTD 6/12/05,
:
                  Plaintiff, : **DEFENDANT'S THIRD-PARTY**
: **COMPLAINT**
    v. :

LINCOLN BENEFIT LIFE COMPANY, :

            Defendant/Third :
            Party-Plaintiff,
:
    v. :

CHAIM MUSKAT, :

            Third-Party :
            Defendant.
:
------------------------------------x

Defendant Lincoln Benefit Life Company ("Lincoln"), by and through its attorneys, Seyfarth Shaw LLP, and pursuant to Rules 8 and 14(a) of the Federal Rules of Civil Procedure, files this Third-Party Complaint against Third-Party Defendant Chaim Muskat ("Muskat").

## THE PARTIES

1.    Lincoln is, and at all times relevant was, a corporation organized under the laws of the State of Nebraska with its principal place of business in Nebraska. Lincoln is qualified to

1

do business, and does do business, in the State of New Jersey.

2.  Upon information and belief, Lincoln alleges that Muskat is, and at all times material hereto was, an insurance agent with a business address of 185-12 Union Turnpike, Fresh Meadows, New York 11366-1732. Upon further information and belief, Muskat currently resides at 85-27 124 Street, Kew Gardens, New York 11415.

## JURISDICTION AND VENUE

3.  This Court has original subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 because this third-party action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.  This Court has jurisdiction over Lincoln's Third-Party Complaint against Muskat, and venue is proper in this Court, pursuant to Rules 18, 19 and/or Rule 20 of the Federal Rules of Civil Procedure, because the allegations of the Third-Party Complaint arise out of the same transactions or occurrences that are the subject of the Complaint, and common questions of law and fact will arise in the action for the purpose of establishing Muskat's liability to Lincoln for all or part of the Plaintiff's claims against Lincoln.

5.  Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391 because Muskat resides within this District, and a substantial part of the events giving rise to the Third-Party Complaint occurred in this District.

## FACTUAL ALLEGATIONS

6.  In or about June 2005, Muskat became or continued to act as an agent for Lincoln under the specific terms and conditions of an agency agreement (the "Agreement").

7.  Under the terms of this Agreement, Muskat was authorized to act as an agent on behalf of Lincoln for the purpose of developing and supervising the distribution of Lincoln's

insurance products.

8. The Agreement, however, limits Muskat's authority on certain activities including, but not limited to:

    (i) making, altering, or discharging any contract;

    (ii) incurring any indebtedness or liability on behalf of LBL; and

    (iii) waiving or modifying any terms, conditions, or limitations of any policy.

9. The Agreement also includes an indemnification provision.

10. In or about March 2006, Lincoln issued a life insurance policy (the "Policy") to Plaintiff, insuring the life of Marilyn Mandel ("Mandel"), with an initial premium to be paid in the amount of $191,725. Muskat was the agent involved in selling the Policy to Plaintiff, who upon information and belief, had no insurable interest in the life of Mandel.

11. While the Policy allowed for flexible premiums to be paid by Plaintiff, the calculations of those premiums depended upon numerous factors including, but not limited to, whether the premiums were paid at a monthly or annual basis.

12. During the course of the next several months, Muskat was involved in changing the illustrations which set forth the amount of premiums that were due and owing each year.

13. In changing the illustrations, Muskat used improper calculations which caused the Policy to fall into a "grace period" due to insufficient payment of premiums.

14. Because the amount of premiums continued to be insufficient due to Muskat's incorrect calculations, the Policy lapsed in or around January 2008.

15. On or about January 20, 2010, Plaintiff commenced the instant action against Lincoln by filing a Summons and Complaint, dated January 20, 2010, in the New York Supreme Court, Queens County, for reinstatement of the Policy that Plaintiff alleges was improperly

3

lapsed because: (i) Plaintiff did not receive any grace period notice; and (ii) Lincoln miscalculated the premiums to be paid by Plaintiff.

16. On or about May 4, 2010, Lincoln timely removed the action to the U.S. District Court for the Eastern District of New York.

17. On or about May 11, 2010, Lincoln served its Answer and Affirmative Defenses.

## COUNT I

(Breach of Contract Against Muskat)

18. Lincoln repeats and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 17 of the Third-Party Complaint.

19. The Agreement between Muskat and Lincoln is a valid and enforceable contract.

20. Lincoln has fully performed every obligation it owes to Muskat under the Agreement.

21. As shown above, Muskat has breached the Agreement by, among other things, improperly modifying the terms of Policy in a manner that caused it to lapse, thereby potentially exposing Lincoln to liability for amounts allegedly owed by Lincoln resulting from the miscalculation of premiums.

22. As a result of Muskat's breach, Lincoln has suffered actual and/or consequential damages in an amount to be proven at trial.

## COUNT II

(Indemnification Against Muskat)

23. Lincoln repeats and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 22 of the Third-Party Complaint.

24. Any damages incurred by Plaintiff as a result of the premium miscalculation

4

alleged in the Complaint was caused by Muskat alone, and not by Lincoln.

25. If Lincoln is found liable to Plaintiff for any damages, which liability Lincoln specifically denies, then Lincoln is entitled to be indemnified in full by Muskat, together with interest, costs and attorneys' fees, pursuant to the terms of the Agreement.

## COUNT III

(Breach of Fiduciary Duty Against Muskat)

26. Lincoln repeats and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 25 of the Third-Party Complaint.

27. In his capacity as an insurance agent for Lincoln, Muskat was placed in a position of trust and confidence, and was expected to promote the business interests of Lincoln.

28. As a result of this special relationship, Muskat owed certain fiduciary duties to Lincoln including, but not limited to, a duty of loyalty and honesty, and a duty not to act in any way contrary to the interests of Lincoln.

29. Upon information and belief, notwithstanding these obligations and duties, and in violation thereof, Muskat breached his fiduciary duties of loyalty and honesty to Lincoln by, among other things: (i) exceeding the limits of his authority by miscalculating the premiums, thereby altering the terms of the Policy; (ii) procuring the Policy on behalf of Plaintiff who has no insurable interest in the life Mandel; and (iii) advancing the interest of Plaintiff in breach of the duty owed to Lincoln.

30. As a consequence of Muskat's breach of fiduciary duties of loyalty to Lincoln, Lincoln has been and will continue to be injured, for which it is entitled to recover compensatory damages and interest, as well as punitive damages, in an amount to be determined at trial.

## COUNT IV

(Professional Negligence Against Muskat)

31. Lincoln repeats and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1 through 30 of the Third-Party Complaint.

32. As an agent of Lincoln, Muskat owed a duty of care to Lincoln.

33. By miscalculating the premiums owed by Plaintiff, thereby misrepresenting that the requested coverage had been obtained, when in fact the policy had lapsed, Muskat breached his duty of care and subjected Lincoln to liability for his professional negligence.

34. As a proximate cause of Muskat's negligence, Lincoln has been and will continue to be injured, for which it is entitled to recover compensatory damages and interest, as well as punitive damages, in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Lincoln prays that an Order and Judgment be entered in its favor and against Plaintiff and/or Third-Party Defendant:

1. dismissing the Complaint with prejudice in its entirety;

2. denying each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3. awarding Lincoln its costs and disbursements, including reasonable attorneys' fees, incurred in this action;

4. in the event Lincoln is liable to Plaintiff, demanding judgment for breaches of contract and/or indemnification and/or fiduciary duty, and/or for negligence against Third-Party Defendant Muskat, together with interest and costs and reasonable attorneys' fees in an amount to be determined at trial; and

5. granting Lincoln such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 28, 2010

                                  Respectfully submitted,

                                  SEYFARTH SHAW LLP

                                  By: _____
                                  Andrew T. Hahn, Sr. (AH-6283)
                                  Jay W. Cho (JC-9580)
                                  620 Eighth Avenue
                                  New York, New York 10018
                                  (212) 218-5500

                                  Attorneys for Defendant Lincoln Benefit Life Company