Jay W. Cho (JC-9580)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendant
Lincoln Benefit Life Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARK KRAFT, Trustee of The Marilyn Mandel Irrev. Trust DTD 6/12/05, | 10-CV-02018 (JG) (RML) |
| Plaintiff, | |
| vs. | **DEFENDANT/THIRD-PARTY PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD-PARTY DEFENDANT'S COUNTERCLAIM** |
| LINCOLN BENEFIT LIFE COMPANY, | |
| Defendant. | |
| LINCOLN BENEFIT LIFE COMPANY, | |
| Third-Party Plaintiff, | |
| vs. | |
| CHAIM MUSKAT, | |
| Third-Party Defendant. | |

---

Defendant/Third-Party Plaintiff Lincoln Benefit Life Company ("Lincoln"), by and through its attorneys, Seyfarth Shaw LLP, as and for its Answer and Affirmative Defenses to the Counterclaim of Third-Party Defendant Chaim Muskat ("Muskat"), alleges and states as follows:

### AS TO "THE PARTIES"

1.   Lincoln lacks sufficient information and belief to admit or deny the allegations in paragraph 1 of the Counterclaim.

2.   Lincoln admits the allegations contained in paragraph 2 of the Counterclaim.

3. The allegations contained in paragraph 3 of the Counterclaim constitute legal conclusions pertaining to subject matter jurisdiction for which no responsive pleading is required.

4. The allegations contained in paragraph 4 of the Counterclaim constitute legal conclusions pertaining to venue for which no responsive pleading is required.

5. Lincoln lacks sufficient information and belief to admit or deny the allegations in paragraph 5 of the Counterclaim.

6. Lincoln admits the allegations in paragraph 6 of the Counterclaim to the extent that Muskat was appointed as an agent of Lincoln in or around 2005.

7. Lincoln lacks sufficient information and belief to admit or deny the allegations in paragraph 7 of the Counterclaim.

8. Lincoln admits that it issued a life insurance policy insuring the life of Marilyn Mandel (the "Policy"), and which policy contained the terms and conditions stated therein. Save and except as herein admitted, Lincoln lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 8 of the Counterclaim.

9. Lincoln lacks sufficient information and belief to admit or deny the allegations in paragraph 9 of the Counterclaim.

10. Lincoln admits that it sent courtesy copies of information about the Policy to Muskat through written notices. Save and except as herein admitted, Lincoln lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 10 of the Counterclaim.

11. The allegations contained in paragraph 11 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 11 of the Counterclaim.

12. The allegations contained in paragraph 12 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 12 of the Counterclaim.

13. The allegations contained in paragraph 13 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 13 of the Counterclaim.

14. The allegations contained in paragraph 14 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 14 of the Counterclaim.

15. The allegations contained in paragraph 15 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 15 of the Counterclaim.

## AS TO "FIRST COUNT"
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

16. Lincoln repeats and reiterates its response to paragraphs 1 through 15 of the Counterclaim as if fully set forth herein.

17. Lincoln admits that it had an agent agreement with Muskat. Save and except as herein admitted, Lincoln lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 17 of the Counterclaim.

18. Lincoln denies the allegations contained in paragraph 18 of the Counterclaim.

19. The allegations contained in paragraph 19 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 19 of the Counterclaim.

20. The allegations contained in paragraph 20 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 20 of the Counterclaim.

### AS TO "SECOND COUNT"
### (Negligence)

21. Lincoln repeats and reiterates its responses to paragraphs 1 through 20 of the Counterclaim as if fully set forth herein.

22. The allegations contained in paragraph 22 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 22 of the Counterclaim.

23. The allegations contained in paragraph 23 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 23 of the Counterclaim.

24. The allegations contained in paragraph 24 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 24 of the Counterclaim.

25. The allegations contained in paragraph 25 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 25 of the Counterclaim.

26. The allegations contained in paragraph 26 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 26 of the Counterclaim.

27. The allegations contained in paragraph 27 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 27 of the Counterclaim.

28. The allegations contained in paragraph 28 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 28 of the Counterclaim.

29. The allegations contained in paragraph 29 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 29 of the Counterclaim.

30. The allegations contained in paragraph 30 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 30 of the Counterclaim.

31. The allegations contained in paragraph 31 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 31 of the Counterclaim.

32. The allegations contained in paragraph 32 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 32 of the Counterclaim.

33. The allegations contained in paragraph 33 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 33 of the Counterclaim.

## AS TO "THIRD COUNT"
### (Reliance on Another's Conduct - Estoppel)

34. Lincoln repeats and reiterates its responses to paragraphs 1 through 33 of the Counterclaim as if fully set forth herein.

35. The allegations contained in paragraph 35 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 35 of the Counterclaim.

36. The allegations contained in paragraph 36 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 36 of the Counterclaim.

37. The allegations contained in paragraph 37 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 37 of the Counterclaim.

38. Lincoln admits that it had some correspondence with Muskat concerning the Policy. Save and except as herein admitted, Lincoln lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 38 of the Counterclaim.

39. The allegations contained in paragraph 39 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 39 of the Counterclaim.

## AS TO "FOURTH COUNT"
### (Words Negligently Spoken)

40. Lincoln repeats and reiterates its responses to paragraphs 1 through 39 of the Counterclaim as if fully set forth herein.

41. Lincoln admits that it had some correspondence with Muskat concerning the Policy. Save and except as herein admitted, Lincoln lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 41 of the Counterclaim.

42. The allegations contained in paragraph 42 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 42 of the Counterclaim.

43. The allegations contained in paragraph 43 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 43 of the Counterclaim.

44. The allegations contained in paragraph 44 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 44 of the Counterclaim.

45. Lincoln admits that it had some correspondence with Muskat concerning the Policy. Save and except as herein admitted, Lincoln lacks sufficient information and belief to admit or deny the remaining allegations in paragraph 45 of the Counterclaim.

46. The allegations contained in paragraph 46 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 46 of the Counterclaim.

47. The allegations contained in paragraph 47 of the Counterclaim constitute legal conclusions for which no responsive pleading is required. To the extent a response is required, Lincoln denies the allegations contained in paragraph 47 of the Counterclaim.

48. Lincoln denies the allegations contained in the **PRAYER FOR RELIEF** paragraph of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Lincoln owes no duty of care to Muskat.

### THIRD AFFIRMATIVE DEFENSE

Lincoln breached no duty, contractual or otherwise, to Muskat.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by documentary evidence.

### FIFTH AFFIRMATIVE DEFENSE

Any damages alleged by Muskat was caused by his own conduct and negligence.

### SIXTH AFFIRMATIVE DEFENSE

Muskat's claims are barred, in whole or in part, by laches, by waiver, by the applicable statute of limitations, or by estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Muskat has suffered any damages, such damages are not attributable to any alleged breach or wrongdoing by Lincoln.

### EIGHTH AFFIRMATIVE DEFENSE

Muskat's claims are barred, in whole or in part, by its unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Muskat's claims are barred by lack of any damages and/or its failure to make reasonable efforts to mitigate damages, if any.

## TENTH AFFIRMATIVE DEFENSE

Muskat's damages are totally speculative and not recoverable.

## ELEVENTH AFFIRMATIVE DEFENSE

Muskat's claim for costs and attorneys' fees is barred because such damages are not recoverable or warranted in this action.

## TWELFTH AFFIRMATIVE DEFENSE

Any damages alleged by Muskat was caused by the conduct of another party for whom defendant Lincoln had no responsibility and over whom it had no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Lincoln complied with all applicable laws, regulations and standards.

## FOURTEENTH AFFIRMATIVE DEFENSE

Muskat knowingly and intentionally misrepresented, concealed and/or failed to disclose the occurrence of events as well as facts and information elicited in the application which materially affected the initial and continued right and entitlement to receive the policy of life insurance and/or any benefit thereunder, in violation of the New Jersey Insurance Fraud Prevention Act and in particular, N.J.S.A. 17:33A-4.

## FIFTEENTH AFFIRMATIVE DEFENSE

Muskat knowingly and intentionally assisted, conspired with and/or urged Plaintiff Mark Kraft Trustee of The Marilyn Mandel Irrev. Trust DTD 6/12/05, Marilyn Mandel, and others to knowingly and intentionally misrepresent, conceal and/or fail to disclose the occurrence of

9

events, as well as facts and information elicited in the application which materially affected the initial and continued right and entitlement to receive the policy of life insurance and/or any benefit thereunder, in violation of the New Jersey Insurance Fraud Prevention Act and in particular, N.J.S.A. 17:33A-4.

## SIXTEENTH AFFIRMATIVE DEFENSE

Lincoln reserves its right to plead such additional affirmative defenses after the completion of discovery.

**WHEREFORE**, Lincoln prays that an order and judgment be entered in its favor and against Muskat:

1. dismissing the Counterclaim with prejudice in its entirety;

2. deny each and every demand, claim and prayer for relief contained in the Counterclaim;

3. awarding Lincoln its costs and disbursements, including reasonable attorneys' fees, incurred in this action; and

4. granting to Lincoln such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 4, 2011

               SEYFARTH SHAW LLP

               By: _____
               Jay W. Cho (JC-9580)
               620 Eighth Avenue
               New York, New York 10018
               (212) 218-5500

               Attorneys for Defendant Lincoln Benefit Life Company