LIPSIUS-BENHAIM LAW LLP
Attorneys for Plaintiff
14 Penn Plaza, Suite 500
New York, New York 10122
212-981-8440

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK KRAFT, Trustee of The Marilyn Mandel Irrev. Trust DTD 6/12/05, | Docket No.: 10-cv-2018 |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| LINCOLN BENEFIT LIFE COMPANY, | |
| Defendant. | |

Plaintiff, Mark Kraft, as Trustee of the Marilyn Mandel Irrev Trust DTD 6/12/05, by his attorneys, Lipsius-BenHaim Law, LLP, for his amended complaint for declaratory relief, states:

## JURISDICTIONAL ALLEGATIONS

1. Mark Kraft is a citizen and resident of the State of New York, County of Queens and is a Trustee of The Marilyn Mandel Irrev Trust DTD 6/12/05 (the "Trust")

2. The Marilyn Mandel Irrev Trust DTD 6/12/05 is a New Jersey trust domiciled in New Jersey.

3. Upon information and belief, Lincoln Benefit Life Company ("Lincoln Benefit") is incorporated in Nebraska.

4. The amount in controversy exceeds, exclusive of costs and interest, the sum of $75,000.

5. The jurisdiction of this Court is founded upon 28 U.S.C. §1332 and 28 U.S.C. §2201.

## FACTUAL ALLEGATIONS

6. On or about November 21, 2005, defendant issued Policy Certificate Number 01N1269625 to the Trust insuring the life of Marilyn Mandel (hereinafter the "Policy").

7. The Policy provides a death benefit in the amount of Five Million ($5,000,000) Dollars.

8. The Policy was delivered in the State of New Jersey.

9. The Trust is the owner of the Policy.

10. On or about May 21, 2011 Marilyn Mandel died.

11. From November 21, 2005 until her death Marilyn Mandel was a resident of Brooklyn New York.

12. From November 21, 2005 until her death the principal residence of Marilyn Mandel was in the State of New York.

13. Defendant has asserted that prior to the death of Marilyn Mandel the policy lapsed.

14. Defendant failed to send proper notice that the policy was entering grace period.

15. Defendant failed to send proper notice that the policy was going to lapse.

16. After the policy had allegedly lapsed Defendant continued to accept premiums through automatic payment..

17. Plaintiff tendered and Defendant accepted premiums after the Policy had allegedly lapsed.

18. Defendant has not returned any premium payments paid by plaintiff.

19. In November of 2008 Plaintiff, through its agent, made telephonic inquiries of Defendant as to the amount of premium owed.

20. In November 2008 Plaintiff, through its agent, made telephonic inquiries of Defendant as to when premiums were due.

21. In the course of the telephonic inquiries Defendant represented to Plaintiff that premiums were current.

22. Defendant provided to Plaintiff documents indicating the policy was in force.

23. Defendant provided to Plaintiff an illustration indicating the policy was in force..

24. Plaintiff relied upon the oral and written representations of Defendant

25. On January 21, 2008 Lincoln Benefit sent a letter to the Trust declaring that "The grace period for premium payment on your policy has expired."

26. Defendant has asserted that plaintiff did not pay premiums and as a result the Policy was canceled.

27. Plaintiff has given notice to Defendant of the death of Marilyn Mandel

28. Lincoln Benefit has not paid death benefits to Plaintiff.

## **FIRST CAUSE OF ACTION**

29. Defendant failed to send Grace Period Notice in accordance with the terms of the Policy.

30. Defendant failed to send Grace Period Notice in accordance with the law.

31. Plaintiff paid premiums on the Policy that defendant was obligated to return in accordance with the terms of the Grace Period Notice, the Policy, and under case law and applicable statute.

32. Defendant did not return the referenced premium paid by plaintiff.

33. Plaintiff relied on defendant's representations that the Policy was current and paid to date.

34. Defendant has refused to restore the Policy.

35. Defendant is estopped from cancelling the Policy.

36. Defendant has waived its right to cancel the Policy.

3

37. Under case law or applicable statute, defendant's attempt to cancel the Policy is unlawful.

38. By reason of the foregoing, plaintiff is entitled to a declaration that the Policy did not lapse and was in full force and effect up to and including the date of death of Marilyn Mandel.

## SECOND CAUSE OF ACTION

39. Plaintiff repeats the allegation contained in paragraphs 1 through 28 of the Amended Complaint.

40. Lincoln Benefit breached the Policy by refusing to pay the death benefit.

41. Defendant owes the Trust the death benefit of $5,000,000.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against defendant as follows:

a. Declaring the Policy was in full force and effect as of the death of Marilyn Mandel;

b. Monetary Judgment in the amount of $5,000,000; and

c. Interest, costs and attorneys' fees.

Dated: New York, New York
September 9, 2011

LIPSIUS-BENHAIM LAW, LLP
Attorney for Plaintiff

By: _____
  Ira S. Lipsius
  Cheryl D. Lipsius
14 Penn Plaza, Suite 500
New York, New York 10122
212-981-8440

4