

**Baruch S. Gottesman**
Attorney and Counselor at Law

November 28, 2011

**VIA ELECTRONIC FILING (ECF)**
**AND COURTESY COPIED TO CHAMBERS**
Honorable Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Mark Kraft v. Lincoln Benefit Life Company
Case No. 1:10-cv-02018-JG-RML

Dear Magistrate Judge Levy:

We represent **CHAIM MUSKAT**, who was formerly the Third Party Defendant / Counter-claimant (Muskat is sometimes referred to herein as the Movant).

In compliance with Section 2(A) of Your Honor's Individual Motion Practices and at Your Honor's direction at the September 28, 2011 status conference, the Movant now respectfully requests a pre-motion conference for purposes of moving to intervene. A brief synopsis of the bases supporting Chaim Muskat's Motion to Intervene follows.

**1. Procedural Background**

The underlying Complaint for a Declaratory Judgment by Plaintiff was removed to this Court on May 4, 2010. By leave of this Court, a Third-Party Complaint was served on Movant on December 31, 2010. The Third-Party Complaint alleged Breach of Contract, Breach of Fiduciary Duty, Professional Negligence and other claims against Movant.

On May 11, 2010 Movant filed his Answer to the Third-Party Complaint and his Counterclaims. The Counterclaims alleged Negligence and related claims that arose out of the transaction and occurrences that were the subject matter of the original Complaint.

By Stipulation, the Third-Party Complaint was dismissed without prejudice to Movant's right to intervene. The Dismissal was so-ordered by Your Honor on November 10, 2011.

### 2. Intervention Pursuant to F.R.C.P. Rules 24(a) and (b)

Federal Rules of Civil Procedure Rule 24 provides that

"[o]n timely motion the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest"
Rule 24(a)(2)).

The rules further provide that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B). For permissive intervention, the rules direct the court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" Rule 24(b)(3)

This motion will be timely filed. The Dismissal was so-ordered just over two weeks before the filing of this Letter. If the proposed motion is granted, the Movant intends to file a Complaint in Intervention substantially similar to the Counterclaim originally filed by Movant (while they were in the case as a Third-Party Defendant). The underlying transaction that is the subject of the original action – Lincoln Benefit Life Company's treatment of the Mandel Policy – will be the subject of the proposed claims. Further, Movant's proposed claims will share common questions of law and fact with the original action.

Movant's intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Movant has been a party to this case for almost a year and has been deeply involved in Discovery issues. Interrogatories and Discovery Requests have already been propounded by the Movant and with the cooperation of the parties, Movant's Discovery can pick up where it left off and proceed in a timely fashion and without prejudice to any party.

No previous Motion to Intervene has been made in this matter.

Respectfully Submitted,

Baruch S. Gottesman

cc: **VIA FEDEX AND ECF**
Cheryl Deborah Lipsius, Esq.
Ira S. Lipsius, Esq.
Lipsius-BenHaim Law, LLP
80-02 Kew Gardens Road
Suite #1030
Kew Gardens, NY 11415
*Attorneys for Plaintiff Mark Kraft*

**VIA FEDEX AND ECF**
Richard M. Resnick, Esq.
Jay Cho, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
*Attorneys for Plaintiff Lincoln Benefit Life Company*